IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Furman Jones, Jr., | ) C/A No. 2:13-1340-DCN-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Warden Kenny Atkinson, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| _____ | ) |

Petitioner is a federal inmate in Satellite Prison Camp Edgefield ("SPC Edgefield")

in Edgefield, South Carolina.  Petitioner, proceeding *pro se*, filed this Petition seeking a writ

of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a federal sentence imposed

upon him in this Court by Senior United States District Judge Henry M. Herlong, Jr., on

October 17, 2012.   Under established local procedure in this judicial district, a careful

review has been made of this Petition pursuant to the Rules Governing Section 2254 Cases

in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of

1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys;

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with

liberally construing a petition filed by a *pro se* litigant to allow the development of a

potentially-meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal

court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true.

*Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  Nevertheless, the requirement

_____

[1]  The Rules Governing Section 2254 Cases are applicable to habeas actions
brought under § 2241. *See* Rule 1(b).

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## DISCUSSION

The undersigned takes judicial notice of Petitioner's criminal proceeding in this Court. *See United States v. Jones*, C/A No. 8:12-cr-00024-HMH-3 (D.S.C.).[2] Petitioner alleges that, on April 11, 2012, he pleaded guilty to violation of 21 U.S.C. 841 & 846 (conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine and 1000 kilograms or more of marijuana) and, on October 17, 2012, Petitioner was sentenced by Judge Herlong to 30 months imprisonment, followed by five years of supervised release. *See* C/A No. 12-24, ECF No. 321. Petitioner filed a direct appeal, which was just dismissed by the United States Court of Appeals for the Fourth Circuit, on May 2, 2013. *See* C/A No. 12-24, ECF No. 401. Petitioner has not previously filed a motion under 28 U.S.C. § 2255 to challenge his conviction and sentence. *See* Petition, ECF No. 1, p. 5.

Petitioner alleges

I accepted the responsibility for my actions before my codefendant(s), and in doing so I was charged with 21 U.S.C. § 841(A)(1) & (B)(1)(A), however, the charge was dropped on my codefendant(s). Enlight of said evidence Petitioner seeks similar relief pursuant to 21 U.S.C. § 2241, were the extra charge was dropped for justified legal purposes, in which I feel justifiable for me as well.

---

[2] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Petition, ECF No. 1, p. 7.  In support of this ground for habeas relief Petitioner further alleges

> I am not the Key player nor of the leadership role character, which would afford me to carry any charge unbefitting to my codefendant(s), and was as cooperated with the Government, inorder to accept the responsibility for my actions.  And I think its all but deserving that receive a DISMISSAL of title 21 U.S.C. § 841 as well.

*Id.*  As Plaintiff's second ground for relief, he alleges that he has custody of a young daughter  and is responsible for her support, and the fewer charges that he has on his record the better his chances will be to return to the trucking business.  *Id.*  Finally, in seeking "to dismiss the cocaine charge held against [him]," Petitioner alleges

> I am a *pro se* litigant asking this court to view this petition liberally, and to utilize the appropriate statutory authority to grant m[e] relief be it to view this as a § 2255 Motion, or whatever motion authority needed to grant me relief, as I'm no legal expert nor professional.

Petition, ECF No. 1, p. 9.

Many federal prisoners, such as the Petitioner here, have erroneously attempted to overturn federal convictions or sentences by filing a § 2241 action.  *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259-61 (4th Cir. 2002) (upholding summary dismissal of § 2241 action filed in the District of South Carolina that challenged convictions and sentences entered in the United States District Court for the District of Puerto Rico).  "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence [only] if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . . ."  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Otherwise,

"it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)).  The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective, and since Petitioner has not yet even filed a motion to vacate under § 2255, he cannot demonstrate that its relief would be "inadequate or ineffective."[3]  Indeed, courts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause," which would allow a § 2241 petition to be filed at a later date.  *See Hernandez v. Drew*, 371 F. App'x 991, 993 (11th Cir. April 7, 2010) (noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition); *see also Bearden v. Atkins*, C/A No. 1:12-3093, 2013 WL 7566302 (D.S.C. Feb. 27, 2013); *Ross v. Mitchell*, C/A No. 6:10-1891, 2010 WL 3522359, at *2 (D.S.C. Aug. 11, 2010), adopted by 2010 WL 3522357 (D.S.C. Sept. 3, 2010).

---

[3]  That a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadequate or ineffective remedy.  *In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

4

However, rather than dismiss this case, the undersigned finds it in the interest of justice to recharacterize this § 2241 habeas petition as a motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to avoid an unnecessary dismissal . . . ."). Because the AEDPA's one-year statute of limitations in 28 U.S.C. § 2255(f) may become an issue in this case, it is appropriate to recharacterize the Petition rather than dismiss it without prejudice because of the proximity of the running of the one-year time clock.[4]   If the Court accepts this recommendation and recharacterizes this action as a § 2255 petition, this Court should then order that the motion be filed in Petitioner's criminal case. *See* 28 U.S.C. § 2255(a).

Finally, if this case is recharacterized as a § 2255 action, any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h).[5]   Accordingly, it is recommended that if the Court recharacterizes

---

[4]   The undersigned makes no finding concerning the specific date of the one year period of limitations applicable in Petitioner's criminal case, after which a § 2255 petition may be time-barred.

[5]   A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

5

the instant Petition as a § 2255 motion, the Court should provide the proper notice and give Petitioner an opportunity to express his consent to the conversion, or to withdraw or amend his petition, as required by *Castro v. United States*, 540 U.S. at 383 (requiring district court to provide notice when it recharacterizes a *pro se* litigant's motion as a first § 2255 motion); *see also Shaw v. United States*, 417 F. App'x 311 (4th Cir. 2011); *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

## RECOMMENDATION

Based on the foregoing, it is recommended that, after providing Petitioner with the proper notice and opportunity to respond as required by United States v. Castro, 540 U.S. 375 (2003), the Court recharacterize this § 2241 petition as a § 2255 motion, and that the motion be filed in Petitioner's criminal is case, *United States v. Jones*, C/A No. 8:12-cr-00024-HMH-3 (D.S.C.), for all further proceedings.

Petitioner's attention is directed to the important notice on the next page.

June 14, 2013                                    s/Bruce Howe Hendricks
Charleston, South Carolina                       United States Magistrate Judge

6

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7